IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSIE SHAW, #A-70603, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-00026-MJR |
| | ) |
| JOHNSON, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for case management. On January 11, 2017, while incarcerated at Pinckneyville Correctional Center, Plaintiff Jessie Shaw filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. The Complaint alleges that Johnson, a food service supervisor, violated Plaintiff's constitutional rights by serving spoiled food on a single occasion. Plaintiff's Complaint was accompanied by a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). (Doc. 2).

Plaintiff's IFP Motion did not contain the requisite prisoner trust fund account information. (Doc. 6). Accordingly, on January 18, 2017, the Court entered an order directing Plaintiff to provide the necessary information. *Id.* On January 30, 2017, Plaintiff's trust fund account information was provided. (Doc. 8). The Pinckneyville official that provided Plaintiff's trust fund account information informed the Court that Plaintiff was no longer incarcerated and provided the Court with Plaintiff's discharge address. (Doc. 8, p. 2).

On April 24, 2017, the Court granted Plaintiff's IFP Motion and ordered Plaintiff to pay an initial partial filing fee of $7.67 within 14 days. (Doc. 11). The Court also ordered as

follows:

> Additionally, because Plaintiff is no longer detained or incarcerated, he must pay the remaining balance of the $350 filing fee ($342.33) or file an updated motion to proceed IFP with regard to the balance within FOURTEEN DAYS of the entry of this Order. The Clerk is DIRECTED to send Plaintiff a blank Motion for Leave to Proceed IFP form along with a copy of this Order. IT IS FURTHER ORDERED that if Plaintiff does not comply with this Order in the time allotted, this case will be dismissed for failure to comply with an order of this Court.

*Id.*

A copy of the above order and a blank motion for leave to proceed *in forma pauperis* was mailed to Plaintiff at his discharge address on the same day. Plaintiff's deadline of May 8, 2017, has come and gone, and Plaintiff has failed to respond in any way. This action is therefore subject to dismissal for failure to prosecute.

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga, 34 F.3d 466 (7th Cir. 1994)*. This dismissal shall not count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[1] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly. All pending motions are **TERMINATED AS MOOT**.

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and is assessed only $350.00.

If Plaintiff wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: May 19, 2017**

<u>MICHAEL J. REAGAN</u>
Chief Judge
United States District Court
